IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BENJAMIN ALLEN TOLLE, | Case No.: 2:18-cv-01996-YY |
| Petitioner, | |
| v. | |
| TROY BOWSER, | OPINION AND ORDER |
| Respondent. | |

**Adrienne Nelson, District Judge**

United States Magistrate Judge Youlee Yim You issued Findings and Recommendation ("F&R"), ECF [95], in this case on September 21, 2023, in which she recommended that petitioner's Petition for Writ of Habeas Corpus, ECF [2], be denied. Petitioner timely filed objections to the F&R. This matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If any party files objections to a magistrate judge's proposed findings and recommendations, "the court shall make a de novo determination of those portions of the report." *Id.* No standard of review is prescribed for the portions of the report for which no objections are filed, and no review is required in the absence of objections. *Thomas v. Arn*, 474 U.S. 140, 152-54 (1985). A district court judge is not, however, precluded from *sua sponte* review of other portions of the report, under a *de novo* standard or otherwise. *Id.* at 154. The Advisory Committee notes to Federal Rule of Civil Procedure 72(b) recommend that, when no objection is filed, the recommendations be reviewed for "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.

## DISCUSSION

Petitioner makes three objections to the F&R: (1) it improperly finds procedural default on his first ground for relief; (2) it improperly finds procedural default on his second ground for relief; and (3) it improperly recommends that this Court should decline to issue a certificate of appealability.    These objections are addressed in turn.

**A.    Ground One**

1.    *Procedural Default*

Petitioner objects to the F&R's finding that there is no cause and prejudice for the procedural default of the claim that counsel was ineffective for failing to move to dismiss the murder charge on the ground of double jeopardy.  Pet'r Objs. to F&R ("Pet'r Objs."), ECF [107], at 2.  Petitioner argues that cause and prejudice are present under *Martinez v. Ryan*, 566 U.S. 1 (2012), because post-conviction relief ("PCR") trial counsel effectively abandoned petitioner's double jeopardy claim during the PCR hearing.  *Id.* at 14.

Generally, when a petitioner brings a claim before a federal habeas court that he did not raise before the appropriate state courts, that claim is procedurally defaulted.  *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004).  That is true even where the petitioner's failure to raise a claim before the appropriate state courts is the result of ineffective assistance of counsel during initial-review collateral proceedings in state court.  *Maples v. Thomas*, 565 U.S. 266, 280-81 (2012) (discussing *Coleman v. Thompson*, 501 U.S. 722 (1991)).  A petitioner's claim of ineffective assistance of counsel during trial is not procedurally defaulted, however, if state law does not permit a defendant to raise ineffective assistance of counsel on direct appeal,[1] and petitioner's failure to raise ineffective assistance of trial counsel during his initial-review collateral proceeding was the result of ineffective assistance of counsel during petitioner's initial-review collateral proceeding.  *Martinez*, 566 U.S. at 8-9.  This exception—based on principles of equity, *id.* at 16—is "necessary to ensure that a meritorious trial error . . . receives review."  *Davila v. Davis*,

---

[1] Oregon law does not permit defendants to bring ineffective assistance of counsel claims on direct appeal.  *State v. Robinson*, 25 Or. App. 675, 675 (1976).

582 U.S. 521, 530 (2017).

Petitioner's double jeopardy claim was raised and adequately plead before the PCR trial court.  Resp't Exs., ECF [17], Ex. 125, at 2.  At the PCR hearing on the state's motion for judgment on the pleadings, however, PCR trial counsel informed the PCR court:

> "I would agree, for the most part, with [respondent's] position on one of the claims, the one relating to the judgment of acquittal.  I have done some research on the matter and can't find anything in – contrary to what [the state] says in [its motion]."

*Id.*, Ex. 124, at 11:12-17.  Petitioner argues that PCR trial counsel's agreement with respondent's legal position—that the claim be denied—constituted abandonment of the claim.  Pet'r Objs. 3.  Because of PCR trial counsel's abandonment, petitioner argues that no meaningful postconviction adjudication took place on this specific issue, resulting in an inadequate record for meaningful appellate review.  *Id.* at 4-5.

To the contrary, the claim was raised in petitioner's PCR petition, and after PCR trial counsel's alleged "abandonment," counsel still argued the claim at the PCR hearing.  Resp't Exs., Ex. 124, at 9-8.  Indeed, PCR trial counsel stated:

> "There were some aggravating factors charged with the Burglary and the jury actually found that those aggravating factors were not met in relationship to [petitioner].  [ ] [I]t's [petitioner's] position that because those aggravating factors were not found, namely that [petitioner] had caused physical injury to [the victim] during the course of the burglary, which was not contested seriously, that he could not have been found guilty of the Aggravated Murder."

*Id.* at 16:10-21. (cleaned up).  Because the PCR trial court was apprised of the legal question and the relevant authority provided by the state, *see* Pet'r Exs., ECF [81], Ex. A, at 4-7, and reached a decision on the merits,[2] the narrow exception provided in *Martinez* does not apply.  *See Sandgathe v. Maass*, 314 F.3d 371, 376-77 (9th Cir. 2002) ("[T]here is no point in asking whether a state court had a full and fair opportunity to resolve

---

[2] The PCR trial court found that "[p]etitioner did not allege any ultimate facts . . . demonstrating what reasonable argument petitioner's criminal defense counsel could have made in support of moving to dismiss the Aggravated Murder and Arson I charges after the jury was unable to reach a verdict on those counts at petitioner's first trial" and "[b]ecause petitioner has failed to support his claim . . . even viewing the record before the Court in the manner most favorable to petitioner, no objectively reasonable factfinder could find in petitioner's favor on the claim."  Resp't Exs., Ex. 125, at 2, ¶¶ 2, 6.

federal constitutional claims when the state court in fact did so." (Internal quotation marks and citation omitted.)).

Moreover, on appeal, petitioner once again brought the double-jeopardy issue, which the state responded to on the merits. Resp't Exs., Ex. 126, at 18-20; *id.*, Ex. 127, at 6-9. The Oregon Court of Appeals issued a written opinion granting relief on another claim but affirmed the dismissal of the double jeopardy claim without discussion. *Tolle v. Franke*, 261 Or. App. 639, 640, 322 P.3d 571 (2014). While there is a world in which the Oregon Court of Appeals' silent decision was based on an inadequate record preventing meaningful appellate review due to the alleged "abandonment," that is not the case here. The record shows that petitioner plainly presented the issue to the PCR trial court and that the state responded on the merits. The Oregon Court of Appeals' silence, therefore, can only be considered a decision on the merits. *See Harrington v. Richter*, 562 U.S. 86, 99 (2011) ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."). The real point in the PCR proceeding where the procedural default occurred, and where the issue lies for petitioner, was petitioner's failure to seek further review of the claim in the Oregon Supreme Court. Consequently, petitioner cannot excuse his procedural default of this claim under *Martinez*.

2.       *Double Jeopardy*

Even assuming petitioner could excuse his procedural default, he would still be unable to prevail in this case. The Fifth Amendment's Double Jeopardy Clause provides that no person shall be "subject for the same offence to be twice put in jeopardy of life or limb . . . ." U.S. Const. amend. V. This protection is made applicable to the states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 794 (1969). The Double Jeopardy Clause "protects against successive prosecutions for the same offense after acquittal or conviction and against multiple criminal punishments for the same offense." *Monge v. California*, 524 U.S. 721, 727-28 (1998); *United States v. Ursery*, 518 U.S. 267, 273 (1996).

The rule of collateral estoppel is "embodied in the Fifth Amendment guarantee against double jeopardy." *Ashe v. Swenson*, 397 U.S. 436, 445 (1970); *see Harris v. Washington*, 404 U.S. 55, 56

(1971) ("[C]ollateral estoppel in criminal trials is an integral part of the protection against double jeopardy guaranteed by the Fifth and Fourteenth Amendments.").  Collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."  *Ashe*, 397 U.S. at 443.  To determine whether issue preclusion applies, courts "examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration."  *Id.* at 444 (footnote and internal quotation marks omitted).

The defendant bears the burden of demonstrating that the issue was actually decided in the first proceeding.  *Dowling v. United States*, 493 U.S. 342, 350 (1990).  "If there is more than one rational conclusion that can be drawn from the first jury's verdict, then collateral estoppel cannot apply because the issue was not necessarily decided by the jury's verdict."  *Sivak v. Hardison*, 658 F.3d 898, 919 (9th Cir. 2011) (citation and internal quotation marks omitted).  "The failure to return a verdict does not have collateral estoppel effect, however, unless the record establishes that the issue was actually and necessarily decided in the defendant's favor."  *Schiro v. Farley*, 510 U.S. 222, 236 (1994).

In petitioner's first trial, the jury convicted him of burglary without the enhancement factor of causing physical injury to the victim and hung on the charges of aggravated murder and arson.  Pet'r Br. in Supp. of Habeas Pet. ("Pet'r Br."), ECF [75], at 1.  The state's theory was that the subject injury was the death of the victim as a result of the burglary and arson.  *Id.* at 1-2.  The state retried petitioner on aggravated murder and arson charges and he was convicted of arson and the lesser-included offense of felony murder. *Id.* at 2.

Petitioner argues that, in the first trial, because the jury "necessarily decided" that petitioner did not cause physical injury to the victim on the burglary enhancement charge, the jury acquitted petitioner of the murder charge.  In support, petitioner points to the prosecution's closing argument in which it argued to the jury on the enhancement charge:

> "Did [petitioner] cause physical injury to [the victim] during the commission of burglary in the first degree? If you find that he committed arson, you found that he did aggravated murder, your answer is going to be flat out yes on this.  Again, here he murdered him.  A lot worse than physical injury."

Pet's Exs., Ex. B, 1243:17-23.  It follows, petitioner argues, that because the only physical injury asserted by the state was the death of the victim, and the jury found that petitioner did not cause physical injury to the victim, the issue of whether petitioner caused the death of the victim was estopped from being brought in the second trial.

Respondent, however, argues that, on the enhancement charge, the jury was instructed that it could return a finding of "yes" only if at least ten of the same jurors who found him guilty of burglary agreed that the state proved that petitioner caused physical injury to the victim.  Resp't Reply to Pet'r Br. in Supp. of Habeas Pet. ("Resp't Reply"), ECF [85], at 9.  The jury, however, did not need to agree that the state failed to prove that petitioner caused physical injury to the victim to answer "no."  In turn, the jury's finding on the enhancement fact could rationally have been based on a vote that would not supply a valid verdict on the counts of arson and aggravated murder, and thus the enhancement fact verdict is not equivalent to an acquittal.  *Id.*

Petitioner, however, argues that the trial court record indicates a *de facto* acquittal of the subject enhancement fact.  Pet'r Sur-Reply, ECF [88], at 10.  At the first trial, the judge conducted a poll of eleven jurors on their guilty burglary verdict and on both of their enhancement factor votes.  *Id.*  Of the eleven jurors who voted to convict petitioner of burglary, nine of those jurors voted "no" on the enhancement factor involving physical injury.  *Id.* (citing Pet'r Exs., Ex. B, at 1373-81).  Petitioner argues that "presumably, the one juror who was not polled voted to acquit [petitioner] of burglary." *Id.* at 10-11.

The Court is not convinced the record establishes that the issue was actually and necessarily decided in petitioner's favor.  The jury was asked whether petitioner caused physical injury to the victim during the commission of the burglary.  Resp't Exs., Ex. 114, at 1-2.  The indictment alleged that petitioner committed the burglary with the intent to commit theft—not arson, assault, or homicide–within the victim's dwelling.  *Id.*, Ex. 102, at 2.  The evidence presented at trial supported an inference that petitioner made

multiple trips between the victim's dwelling and car to transport various items he was stealing.  Pet'r Exs., Ex. A, at 23, 25, 28, 66-82; Ex. B., 1243:1-10.  The only apparent injury to the victim in this case was smoke inhalation caused by the fire, resulting in the victim's death.

Given this evidence, a rational jury could have found that the fire and the victim's death occurred after the burglary was complete, and, therefore, could have answered the enhancement fact in the negative without necessarily deciding that petitioner never caused physical injury to the victim that night. Moreover, the fact that the jury hung on the arson charge supports the inference that the jury did not affirmatively decide whether petitioner caused the fire, and ultimately whether he caused the victim's death. Consequently, because the Court draws more than one rational conclusion from the first jury's verdict, the Court cannot find that the issue was necessarily decided by the jury's verdict.

Accordingly, even if the procedural posture of this case permitted the Court to decide the action on its merits, the PCR court's decision is neither contrary to, nor an unreasonable application of, clearly established federal law.

**B.      Ground Two**

Petitioner objects to the F&R's finding that his second ground for relief is procedurally defaulted, and that relief should, therefore, be denied.  Pet'r Objs. 5-6.  On this ground, petitioner argues that trial counsel was ineffective in failing to include the juror intimidation issue in their written motions for authorization to question jurors and motion for a new trial.  Petitioner, however, failed to properly bring that claim before the PCR trial court, which resulted in a denial of that claim.  *See* F&R 11-13.  While petitioner acknowledges that he failed to properly bring this claim before the PCR trial court, he argues that the issue is not procedurally defaulted because it was also resolved on the merits.

Petitioner is misguided.  The PCR trial court specifically concluded that "[p]etitioner attempts to argue other matters in his trial memo but [p]etitioner's claims are limited to those plead in his Petition." Resp't Exs., Ex. 154, at 3.  Because the PCR trial court concluded that the claim was not properly before the court, it applied a procedural bar that was independent of the federal question and adequate to support its judgment.  Thus, the PCR trial court's alternative finding on the merits does not save petitioner

from procedural default. *See Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989) ("[A] state court need not fear reaching the merits of a federal claim in an *alternative* holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law." (Emphasis in original.)).

**C.        Certificate of Appealability**

Finally, petitioner objects to Judge You's recommendation that this Court decline to issue a Certificate of Appealability ("COA"). Pet'r Objs. 6-7. A COA should be issued when "jurists of reason" would find it "debatable" that a petition states a "valid claim of the denial of a constitutional right." *Martinez v. Shinn*, 33 F.4th 1254, 1261 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 584 (2023); *see Slack v. McDaniel*, 529 U.S. 473, 478 (2000) ("[W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue . . . if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."). The petitioner must show that "'the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; *or* that the questions are adequate to deserve encouragement to proceed further.'" *Martinez*, 33 F.4th at 1261 (quoting *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000)) (emphasis in original).

Jurist of reason could find debatable the Court's ruling that petitioner did not establish cause and prejudice to excuse default under *Martinez* as to his first ground for relief. Accordingly, the Court grants petitioner's request for a COA on this issue. For petitioner's second ground for relief, the Court declines to issue a COA for the reasons set forth in the instant order.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS Judge You's Findings and Recommendation, ECF [95], in part, but declines to adopt the recommendation that this Court not issue a Certificate of Appealability on petitioner's first ground for relief. Accordingly, petitioner's Petition for Writ of Habeas Corpus, ECF [2], is DENIED and this case is dismissed. The Court issues a Certificate of

Appealability on petitioner's first ground for relief.

IT IS SO ORDERED.

DATED this 20th day of August, 2024.

Adrienne Nelson
United States District Judge